**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jesus Ibarra-Torres,

Petitioner,

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-702 ADM
Criminal No. 99-351(03) ADM/AJB

v.

United States of America,

Respondent.

---

Jesus Ibarra-Torres, pro se.

Susan J. Nolting, Esq., Assistant U.S. Attorney, on behalf of the United States.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Jesus Ibarra-Torres' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 454]. For the reasons set forth below, Petitioner's motion is denied.

## II. BACKGROUND

On March 30, 2000, Petitioner pled guilty to Count 1, conspiring to distribute and to possess with intent to distribute controlled substances, both in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846. In the Plea Agreement, the parties agreed that Count 1 carried a maximum potential penalty of life imprisonment. Plea Agreement § 3; *accord* 21 U.S.C. § 841(b)(1)(A).

FILED AUG 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

The Plea Agreement reflects that Petitioner and the government disagreed on the amount of drugs that were distributed, or possessed with intent to distribute, for sentencing purposes. While the government believed that Petitioner was responsible for 55 pounds of methamphetamine and thus a base offense level of 38, Petitioner averred that a base level of 36 was appropriate because he was responsible for only 23 pounds. Plea Agreement § 8(A). On September 29, 2000, this Court sentenced Petitioner to 188 months for Count 1. [Doc. Nos. 400, 402]. The sentence was based upon the Court's finding after an evidentiary hearing that the amount of drugs involved in the offense was 55 pounds, setting the base offense level at 38.

## III. DISCUSSION

### A. Section 2255

A prisoner may bring a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence if the sentence was imposed in violation of the Constitution or federal statutory laws. A movant must show that the error, if left uncorrected, would result in a "fundamental miscarriage of justice." *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A petitioner may also bring a § 2255 claim to correct errors, such as ineffective assistance of counsel, that could have been raised at trial or on direct appeal only if the petitioner shows cause for the default and resulting prejudice. *Id.* at 494.

#### 1. *Apprendi*

Petitioner claims that his sentence was imposed in violation of the Sixth Amendment right to trial by a jury as interpreted by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner argues that United States drug laws,

including 21 U.S.C. § 841, are "facially unconstitutional" because the amount of drugs involved in an offense need not be proven to the jury beyond a reasonable doubt for sentencing purposes. Pet'r Mem. Supp. at 5.

The United States responds that *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), holds that *Apprendi* issues may not be raised in § 2255 collateral review and thus requires dismissal. Actually, *Moss* holds only that *Apprendi* cannot be used in a § 2255 petition to *retroactively* attack a sentencing that occurred prior to the *Apprendi* ruling. *See id.* at 997-1001. While *Apprendi* was decided by the Supreme Court on June 26, 2000, Petitioner's sentencing occurred months later on September 29, 2000. [Doc. Nos. 400, 402]. In *Moss*, the retroactive application of *Apprendi* was an issue because the § 2255 petitioner was sentenced in 1997. 252 F.2d at 995. The *Moss* holding is factually inapposite to the present case because the retroactive application of *Apprendi* to Petitioner's sentence is not at issue.

Petitioner's Motion is denied. *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Thus, *Apprendi* only applies where the non-jury factual determination increases the maximum sentence beyond the statutory range authorized by the offense involved. *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000).

Here, the statutory maximum for the offense to which Petitioner pled guilty was life imprisonment. 21 U.S.C. § 841(b)(1)(A). The Plea Agreement signed by Petitioner explicitly states this maximum penalty. Plea Agreement § 3. Because Petitioner pled

guilty to a charge with a maximum penalty of life imprisonment and was sentenced to 188 months, Petitioner may not assert a valid *Apprendi* challenge to his sentence. *See United States v. Hopwood*, 122 F.Supp.2d 1077, 1080 (D. Neb. 2000) (citing *Aguayo-Delgado*, 220 F.3d at 934); *see also United States v. De Dios-Samaniego*, 2001 WL 649522, at *1 (8th Cir. June 6, 2001) (citing 220 F.3d at 933-34); *cf. Apprendi*, 530 U.S. at 490.

**2. Ineffective Assistance of Counsel**

While Petitioner's Memorandum recites the legal standards for ineffective assistance of counsel, it does not make specific allegations of how the assistance was ineffective. To prevail on an ineffective assistance of counsel claim, petitioner must show that (1) his counsel's representation fell below an objective standard of reasonableness (performance prong); and (2) the ineffectiveness prejudiced him, depriving him of a fair trial, leaving the results of the trial unreliable (prejudice prong). *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). When hearing ineffective assistance of counsel claims, a court need not address both components of the inquiry if the defendant fails to make a showing on either one of them. *Strickland*, 466 U.S. at 697. To show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 57, 59 (1985).

In the present case, Petitioner failed to state facts which would support his claim. Petitioner's memorandum argues only the issue of the applicability of the *Apprendi*

holding to his sentence. There is no showing that, but for the errors of his counsel, Petitioner would have proceeded to trial. In fact, Petitioner's Memorandum states that "Petitioner does not here challenge his plea, only the sentence and the factors and issues raised by *Apprendi*." Pet'r Mem. Supp. at 4. As a result, Petitioner's ineffective assistance of counsel claim fails.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 454] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2001

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500